**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

United States of America,

Plaintiff,

v.

$69,753.00 in United States Currency,

Defendant.

No. CV-26-04473-PHX-SMM

**ORDER**

This matter is before the Court on Claimant's Amended Second Motion for Reconsideration. (Doc. 28). The government filed a response, (Doc. 30), and Claimant filed a reply, (Doc. 33). For the following reasons, the Court denies the Motion.

**I. BACKGROUND**

The Defendant Property was seized by United States Drug Enforcement Administration ("DEA") agents at Phoenix Sky Harbor Airport on January 5, 2026. (Doc. 1 ¶¶ 4-5). The Defendant Property was in the possession of Jie Stovell ("Stovell") when it was seized. (Id. ¶ 6). The DEA initiated administrative forfeiture of the Defendant Property. (Id. ¶ 74). Stovell did not file a claim in the administrative proceeding and has not filed a claim in this case. (Id. ¶ 75). On April 24, 2026, Jonathan Querisma ("Claimant") filed a claim in the administrative proceeding. (Id. ¶ 76). Following an investigation, the DEA referred the Defendant Property to the U.S. Attorney's Office for the District of Arizona for judicial forfeiture review. (Id. ¶¶ 120-21).

On June 26, 2026, the government filed its Verified Complaint. (Id.) The Court

issued a Warrant of Arrest In Rem, which the United States Marshals Service executed upon the Defendant Property on July 7, 2026, establishing the Court's in rem jurisdiction over the Defendant Property. (Docs. 3-4). On July 20, 2026, Claimant filed a Statement of Claimant Ownership. (Doc. 5). In lieu of filing an Answer to the Verified Complaint, Claimant filed a Motion to Dismiss on August 19, 2026. (Doc. 10). On August 21, 2026, the United States served Claimant with Special Interrogatories under Supplemental Rule G(6). (Doc. 11). Claimant served the United States with his Responses to the Special Interrogatories ("Responses" or "Claimant's Responses") on August 24, 2026. (Doc. 23-3).

In his Responses, Claimant confirmed under penalty of perjury what he previously represented to DEA agents: that he had invested in Stovell's dog-breeding business and believed the Defendant Property to be currency he gave Stovell as that investment. (Docs. 23-1 ¶ 1; 1 ¶¶ 83, 113). Claimant also confirmed that a document he provided to investigators is the complete contract (the "Contract") that he and Stovell entered into for the investment. (Doc. 23-1 ¶ 2). Claimant averred that he had provided the Defendant Property to Stovell in accordance with the Contract. (Id. ¶ 11; Doc. 23-2).

The Contract between Claimant and Stovell, dated December 12, 2025, and signed by both parties, provides that Claimant would provide $75,000 to invest in Stovell's dog-breeding venture. (Doc. 23-1 ¶¶ 3, 4, 8). Stovell would provide a total return to Claimant of $100,000, which would be paid in monthly installments of $12,500. (Id. ¶5). The Contract stated that Claimant could demand the return of his investment if he felt "unsure" or questioned the progress of "the financial return." (Id. ¶ 6). Stovell would then have to return the full investment within 30 days or be in default. (Id.) In the event of default, or if he failed to make timely payments, Stovell would owe Claimant $200,000. (Id. ¶ 7). Stovell agreed in the event of default to "sign over" a box truck for a fair market value determined by Claimant, and to pay any remaining debt in cash. (Id.)

On September 14, 2026, the Government filed a Motion to Strike Jonathan Querisma's ("Claimant") claim for lack of standing. (Doc. 23). Claimant filed a response

on the same day. (Doc. 24). On September 23, 2026, the Court granted the Government's Motion to Strike. (Doc. 25). Subsequently, Claimant filed a Motion for Reconsideration (Doc. 26) and an Amended Motion for Reconsideration (Doc. 27) on September 25, 2026. Claimant then filed the instant Amended Second Motion for Reconsideration on September 28, 2026. (Doc. 28).

## II. LEGAL STANDARD

"The Court will ordinarily deny a motion for reconsideration of an Order absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to [the Court's] attention earlier with reasonable diligence." LRCiv. 7.2(g)(1). Some circumstances that may warrant reconsideration include when the Court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993). Disagreement with an order is insufficient for reconsideration nor should reconsideration be used to make new arguments or to ask the Court to rethink its analysis. See Nw. Acceptance Corp. v. Lynnwood Equip., Inc., 841 F.2d 918, 925–26 (9th Cir. 1988). Such disagreements should be dealt with in the normal appellate process. See In re Complaint of McLinn, 739 F.2d 1395, 1398 (9th Cir. 1984).

## III. DISCUSSION

Claimant contends that the Court applied the incorrect legal standard for summary judgment, committed error in striking his pending motions as moot, and erred in finding that he lacks Article III standing. (See Doc. 28). In response, the government contends that Claimant merely reiterates arguments that this Court previously rejected, fails to demonstrate that the Court committed clear error, and fails to demonstrate that there are new facts or legal authority that could not have been brought to the Court's attention previously. (See Doc. 30). For the following reasons, the Court denies Claimant's Motion.

**A. Legal Standard for Summary Judgment**

As this Court previously stated, a motion to strike under Supplemental Rule G(8)(c) brought as a motion for summary judgment requires the movant to show that the Claimant could not carry the burden of establishing standing by a preponderance of the evidence at trial. (Doc. 25 at 3, 10). This is the correct legal standard. See Fed. R. Civ. P. Supp. R. G(8)(c)(ii)(B) (A motion to strike may be presented "as a motion for. . .summary judgment whether the claimant can carry the burden of establishing standing by a preponderance of the evidence."); see also United States v. JP Morgan Chase Bank Acct. No. Ending 8215, 835 F.3d 1159, 1164 (9th Cir. 2016) ("Although a claimant need not prove standing by a preponderance of the evidence to survive summary judgment, a court must determine that a fair-minded jury could return a verdict for [a claimant] on the evidence presented.") (internal quotation marks omitted).

Yet Claimant contends that he only needs to allege a colorable interest to survive a motion for summary judgment. (Docs. 28 at 2; 33 at 2). Claimant made this same argument in his opposition to the government's motion to strike. (Doc. 24 at 4) ("At the motion to strike stage, the court must look to the face of the verified claim and supporting documents."). The Court already considered and rejected Claimant's mistaken interpretation of his burden on summary judgment. (See Doc. 25). The Court will not vacate its prior order merely because Claimant dislikes or misunderstands the legal standard. See Nw. Acceptance Corp., 841 F.2d at 925–26.

Claimant also fails to demonstrate that this Court erred and confuses the burdens of proof required at various stages in litigation. (See Docs. 24 at 4; 28 at 5-6). There is a marked difference in the "manner and degree of evidence" required to establish standing when faced with different types of motions. United States v. $133,420.00 in U.S. Currency, 672 F.3d 629, 638 (9th Cir. 2012). When opposing a motion to dismiss, a claimant only needs to assert ownership in a pleading by alleging sufficient facts. Id. Because a court reviewing a motion to dismiss a pleading must accept all allegations in the pleading as true, a bare assertion of ownership is often sufficient at that stage. See

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007). To survive summary judgment, however, a claimant must point to admissible evidence that supports their allegations of fact. See Fed. R. Civ. P. 56. That evidence must be "sufficient for a reasonable factfinder to conclude that the claimant has standing to challenge the forfeiture." JP Morgan Chase Bank Acct. No. Ending 8215, 835 F.3d at 1174.

Also, the Court, and not a jury, interprets the legal effect of a contract, based on the language of the document and the principles of contract interpretation. Miller v. Safeco Title Ins. Co., 758 F.2d 364, 367 (9th Cir. 1985). Here, the facts of Claimant's relationship to the property are not in dispute. Both the government and Claimant agree that Claimant entered into the Contract with Stovell and that this Contract describes the relationship between the two individuals and the Defendant Property. (See Docs. 23-1 at ¶ 2; 24 at 2 ¶ 3). This Court's finding that Claimant lacks standing was based on the undisputed material facts and the plain language of the Contract. (See Doc. 25 at 6, 9-10).

While Claimant purports to offer his own "Relevant Facts," they are unsupported by citations to the record. (See Doc. 24 at 2-3). Some of the statements are not facts at all, but conclusory statements unmoored to any evidence. (See id. at 2, 4). Thus, the Court finds that Claimant's ungrounded statements cannot and do not supplant this Court's interpretation of the actual language of the Contract.

**B. Dismissal of Motions as Moot**

Claimant appears to object to the Court denying his pending motions as moot. (See Doc. 28 at 6). In his Motion, Claiamnt refers to the Court "grant[ing] the Government's motion to strike as 'moot'" and "striking [Claimant]'s motion as 'moot'" while also referencing "an incorrect merits-based view of the contract" and "the entire evidentiary process required for threshold standing." (Id.) Despite the contradictory language, the Court will construe Claimant's position to be that the Court should not have denied his motions after striking his claim.

Article III requires that there be a "live case or controversy at the time a federal court decides the case." Burke v. Barnes, 479 U.S. 361, 363 (1987). "A case is moot

when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Shell Offshore Inc. v. Greenpeace, Inc., 815 F.3d 623 (9th Cir. 2016) (citation omitted). To present a live case or controversy, "the parties must continue to have a personal stake in the outcome of the lawsuit." Lewis v. Cont'l. Bank Corp., 494 U.S. 472, 478 (1990) (citations and internal quotation marks omitted). "If an event occurs that prevents the court from granting effective relief, the claim is moot." Am. Rivers v. Nat'l Marine Fisheries Serv., 126 F.3d 1118, 1123 (9th Cir. 1997). As a result, if a claim or motion is moot, then it must be dismissed for lack of jurisdiction. In re Burrell, 415 F.3d 994, 998 (9th Cir. 2005).

In its prior order, the Court found that Claimant lacks standing to participate in this case, so it necessarily follows that Claimant's other outstanding motions do not merit further attention. See Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 93-101 (1998) (requiring courts to address subject-matter jurisdiction before turning to other issues); see also Fed. R. Civ. P. Supp. R. G(8)(c)(ii)(A) (A motion to strike "must be decided before any motion by the claimant to dismiss the action.").

In support of his position, Claimant cites United States v. $1,106,775.00 in United States Currency, 177 F.4th 986 (9th Cir. 2026), for the proposition that striking a claim is disfavored. (See Doc. 28 at 6). But Claimant misunderstands the holding. In that case, the Ninth Circuit reversed the district court's order striking a claim as a discovery sanction for failure to respond adequately to Supplemental Rule G(6) special interrogatories. Id. at 999. The Ninth Circuit did not hold that striking a claim for lack of standing is inappropriate or disfavored, and in fact specifically noted that the government may challenge standing in a summary judgment by showing that a claim of ownership is unfounded. Id. at 993. Thus, the Court finds that Claimant does not cite any compelling law in support of his contention that the Court committed clear error in denying his other motions as moot. Accordingly, the Court will not overrule its previous ruling denying Claimant's pending motions as moot.

**C. Article III Standing**

Claimant also contends that the Court committed clear error in finding that in finding that the Contract did not create a bailment between Claimant and Stovell, and that Claimant lacks standing. (Doc. 28 at 6-7). This Court already considered and rejected Claimant's arguments regarding an alleged bailment in its prior Order. (Doc. 25 at 9.) Specifically, this Court held that "[t]he Contract does not include any language reflecting this alleged agency and/or bailment arrangement. . .[and] the Contract depicts the Defendant Property as an investment in Stovell's dog breeding business. . .." (Id.)

The Court finds that Claimant does not provide any meaningful additional evidence or authority to show that the Court's holding was manifest error.[1] Claimant simply reiterates the same points set out in his prior filing, insisting again and without proof that his agreement with Stovell created a bailment. (Compare Doc. 24 at 4 with Doc. 28 at 4-5). Accordingly, the Court will not overrule its previous ruling that Claimant is an unsecured creditor and lacks standing to pursue his claim. See United States v. $20,193.39 in U.S. Currency, 16 F.3d 344, 346 (9th Cir. 1994) (holding that "unsecured creditors do not have standing to challenge the civil forfeiture of their debtors' property.").

For the reasons set forth,

**IT IS ORDERED denying** Claimant's Amended Second Motion for Reconsideration. (Doc. 28).

Dated this 26th day of October, 2026.

Stephen M. McNamee
Senior United States District Judge

[1] Claimant also contends in his Reply for the first time that the Court's order granting the government's Motion to Strike constitutes manifest injustice under Rule 59(e) of the Federal Rules of Civil Procedure. (Doc. 33 at 3). But Rule 59(e) is for motions to alter or amend judgment and this Court has not yet entered a judgment.